```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| OVERSEAS MILITARY SALES CORP., | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-5474 (JBS/AMD) |
| v. | |
| MARYLAND PORT ADMINISTRATION, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE,** District Judge:

This matter is before the Court on Defendant's motion to dismiss based on forum non conveniens [Docket Item 12] and Plaintiff's cross-motion to amend the complaint [Docket Item 21]. THE COURT FINDS AS FOLLOWS:

1. Defendant seeks to dismiss this action under the doctrine of forum non conveniens for the following reasons: the parties voluntarily dismissed a potential indemnitor, the Maryland Port Administration (MPA), because they believed the MPA was immune from suit in federal court (but is subject to tort actions in state court); the vast majority of witnesses live in Maryland; the parties are not based in New Jersey; and the events in question occurred in Maryland.

2. In determining whether to dismiss a case based upon forum non conveniens, the court must address (1) the availability of an

adequate alternate forum; (2) the degree of deference to be accorded to the plaintiff's choice of forum; and (3) the balance of private and public interest factors with the degree of deference accorded the plaintiff's choice of forum.  See Tech. Dev. Co. v. Onischenko, 174 Fed. Appx. 117, 120 (3d Cir. 2006). "The defendant bears the burden of persuasion as to all elements of the forum non conveniens analysis." Lacey v. Cessna Aircraft Co., 932 F.2d 170, 180 (3d Cir. 1991) (internal citations omitted).  The United States Supreme Court has left open the question of whether forum non conveniens can be used in cases in which the alternative forum is a state court.  "The common-law doctrine of forum non conveniens 'has continuing application [in federal courts] only in cases where the alternative forum is abroad,' and perhaps in rare instances where a state or territorial court serves litigational convenience best." Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., 549 U.S. 422, 430 (2007) (citations omitted) (emphasis added).

    3. The desire to join a potential indemnitor cannot, by itself, lead to the dismissal of an action under forum non conveniens.  The Federal Rules of Civil Procedure provide an explicit mechanism for dismissing a case when an indispensable party cannot be joined in Fed. R. Civ. P. 19 and the Third Circuit Court of Appeals has repeatedly held that a potential indemnitor is not an indispensable party under the rule.  See

General Refractories Co. v. First State Ins. Co., 500 F.3d 306 (3d Cir. 2007); Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 412 (3d Cir. 1993).  The distinction Rule 19 draws between indispensable and non-indispensable parties would be meaningless if a party could dismiss the case under forum non conveniens if an important but not indispensable party is absent.  Rule 19 provides a thorough and considered framework for federal courts to approach issues of non-joinder of parties and it would be inconsistent with that careful balancing of interests under Rule 19 to balance the same interests differently under forum non conveniens.  Therefore, the inability to join indemnitors cannot serve as the sole basis of a dismissal.

    4. In this case, the inability to join potential indemnitors is the only factor that makes this properly a motion to dismiss based on forum non conveniens and not a motion to transfer.  There is no other reason offered by Defendant for why transfer to federal court in the District of Maryland would not solve the remaining inconveniences.  When transfer to another federal court would resolve the complained of inconveniences, transfer and not dismissal is the appropriate remedy. See Sinochem, 549 U.S. at 430 ("For the federal-court system, Congress has codified the doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action.") (emphasis added); Bacon v. Liberty Mut.

Ins. Co., 575 F.3d 781, 783 (8th Cir. 2009) ("[F]ederal district court's power to dismiss a case . . . under the common-law doctrine of forum non conveniens has been substantially eliminated by the federal transfer of venue statute."). The inability to join potential indemnitors is not transformed into a basis for dismissal by adding other factors that counsel for transfer rather than dismissal.[1]

5. The remaining arguments about location of the events in question and inconvenience to the witnesses may instead be made in support of a motion to transfer this case to Maryland federal court.  Since Defendant has not indicated that it would seek such relief in the alternative, it will not be here considered.  The motion for dismissal on the basis of forum non conveniens will be denied without prejudice to Defendant bringing a motion to transfer venue under § 1404(a), if it so desires.

6. Finally, Plaintiff has failed to provide a copy of the proposed amended complaint with its cross-motion to amend the complaint as required by L. Civ. R. 7.1(f).  The Court will

---

[1] Another way to see this clearly is to consider that even if the Court dismissed for forum non conveniens, Plaintiff could still re-file in the federal court for the District of Maryland. The question on a renewed forum non conveniens motion would then would be whether the inability to join the putative indemnitors is, on its own, a sufficient basis for dismissal or remand to state court.  The clear answer is that it would not be sufficient.  Therefore, it should not become sufficient now merely because it is joined with factors that suggest a transfer to Maryland federal court.

therefore deny the motion to amend without prejudice to Plaintiff submitting a new motion that complies with the local rule.

**November 5, 2009**         **s/ Jerome B. Simandle**
Date                          JEROME B. SIMANDLE
                              United States District Judge